## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JEFFREY RACKLEY,          )
                                  )
          Petitioner,      )
                                  )
v.                              )      Case No. CIV-22-00394-JD
                                  )
RICK WHITTEN, Warden,     )
                                  )
          Respondent.    )

## ORDER

Before the Court is a Report and Recommendation [Doc. No. 7] issued by United States Magistrate Judge Suzanne Mitchell on August 12, 2022, recommending that Petitioner Jeffrey Rackley's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1] be dismissed as untimely under 28 U.S.C. § 2244(d).

Judge Mitchell advised Mr. Rackley of his right to object and directed that any objection to the Report and Recommendation be filed on or before September 2, 2022. Judge Mitchell further advised Mr. Rackley that any failure to timely object would result in a waiver of the right to appellate review of both factual and legal issues contained in the Report and Recommendation. [Doc. No. 7 at 15]. *See also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The deadline for filing objections has passed. To date, Mr. Rackley has not filed objections and has not sought an extension of time in which to do so.

Having reviewed Judge Mitchell's Report and Recommendation and the record in this case, the Court agrees with the Report and Recommendation that this action should

be dismissed as untimely under 28 U.S.C. § 2244(d). Accordingly, Judge Mitchell's Report and Recommendation [Doc. No. 7] is ADOPTED as though fully set forth herein. Mr. Rackley's habeas petition is DISMISSED without prejudice to refiling.[1]

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Mr. Rackley must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

---

[1] Judge Mitchell recommended that the dismissal be without prejudice. [Doc. No. 7 at 14]. The Tenth Circuit has indicated that untimely habeas petitions should be dismissed with prejudice. *See McDowell v. Zavaras*, 417 F. App'x 755, 756–57 (10th Cir. 2011) (unpublished) (explaining that a habeas petition "denied as time-barred" is "a dismissal . . . on the merits") (citing cases); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (unpublished) ("Dismissal of a petition as time barred operates as a dismissal with prejudice . . . ."). However, given that Mr. Rackley does not have notice of a dismissal with prejudice, the dismissal here will be without prejudice.

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon consideration, the Court finds the requisite standard is not met in this case. *Cf. Pacheco v. El Habti*, 48 F.4th 1179, 1186–91 (10th Cir. 2022) (rejecting petitioner's arguments that (1) actual innocence excuses her jurisdictional claim from AEDPA's statute of limitations, and (2) *McGirt* announced a new rule of constitutional law). Because Mr. Rackley cannot make the required showing, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED this 14th day of November 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE